MARY F. SANDS, Individually and as Executrix of DAVID SANDS, Deceased, Respondent, *v.* LOUIS KISSANE, Appellant.

Third Department, May 13, 1953.

*Boris Schneeberg* for appellant.

*Harold S. Taylor* for respondent.

*Per Curiam.* The pertinent allegations of the complaint allege that Bertha Alora Sands was the owner of certain real estate at the time of her death on February 15, 1951; that by her will, duly admitted to probate, she gave the life use of this property to her husband, David Sands, and upon his death the property was devised to her nephew, Louis Richard Kissane, the defendant, with a proviso that if Louis Richard Kissane predeceased David Sands, the property was devised to David Sands absolutely; and that David Sands and plaintiff, his second wife, expended the amount of $3,000 in improving the property between February 15, 1951 and June 24, 1952, " believing that the said David Sands had survived the said Louis Kissane ". David Sands died on May 11, 1952. Defendant asserted his right to possession of the premises on June 24, 1952, by the service of a notice of removal. It is alleged defendant " stood silently by and allowed the above named plaintiffs to expend said sum of $3,000.00 in improvement[s] under a mistake of fact and now seeks to unjustly enrich himself by reason of his silence and failure to disclose the true facts to said plaintiffs."

Silently by as to what and failure to disclose what? That he was alive? This is the only mistake alleged. There is no allegation that the plaintiff made diligent effort to ascertain whether the remainderman was living or dead, or, indeed, any effort whatever. We think plaintiff was under a duty to do so, and that there was no duty on the part of the defendant to give public or private notice of the fact that he was living. There is no suggestion of any fraud, any deliberate concealment or any unusual circumstances which would lead to plaintiff's " mistake ".

It is to be noted that the complaint alleges the improvements were made between February 15, 1951 and June 24, 1952. During practically all of this period, and until May 11, 1952, when he died, David Sands, as life tenant, had a right to the use and occupancy of the premises and a right to improve them for his own benefit. The defendant would have been powerless to stop him and was under no duty to attempt to do so. Promptly after the death of the life tenant, David Sands, defendant asserted his right to the premises. Until then he had no legal duty in the matter.

No case has been called to our attention which goes anywhere near this far in allowing equitable relief for a " mistake of fact ". The cases dealing generally with the sufficiency of pleadings are of little help.

Mindful that we must assume the truth of all the facts alleged and every fair inference to be drawn therefrom, we do not think a court of equity, even under such an assumption, would or could grant relief, and therefore the complaint does not state a cause of action.

The order should be reversed and the motion granted, with $10 costs.

FOSTER, P. J., BERGAN, COON, HALPERN and IMRIE, JJ., concur.

Order reversed, on the law, and motion granted, with $10 costs.